IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD R. HUFF, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )   Cause No.: 06-395-GPM |
| | ) |
| CSX TRANSPORTATION, INC. and | ) |
| JOHN J. VELA, Individually and d/b/a | ) |
| JAY'S TRUCKING, a/k/a JOHN J. | ) |
| VELA TRUCKING, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

### INTRODUCTION

COMES NOW the Plaintiff, DONALD R. HUFF, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendants, CSX TRANSPORTATION INC., (hereinafter referred to as CSX), and JOHN J. VELA, individually and d/b/a JAY'S TRUCKING, a/k/a JOHN J. VELA TRUCKING, (hereinafter referred to as Vela Trucking), states as follows:

    1.    That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and Title 28 Section 1331, as hereinafter more fully shown.

    2.    That at all times mentioned herein, the Defendant, CSX, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Indiana.

    3.    That at all times relevant herein, JOHN J. VELA, was a citizen and

resident of the State of Indiana. This Court has supplemental jurisdiction over JOHN J. VELA pursuant to 28 U.S.C. 1367.

4. That at all times relevant herein, VELA TRUCKING, was and is an Indiana corporation. This Court has Supplemental jurisdiction over VELA TRUCKING pursuant to 28 U.S.C. 1367.

5. That at all times relevant herein, the Plaintiff, DONALD R. HUFF, was employed by the Defendant, CSX, as a locomotive engineer, and had been since on or about June, 1998.

6. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant or in some way directly or substantially affected said commerce.

7. The Plaintiff, while employed by CSX, performed work duties, tasks, and assignments in **East St. Louis, St. Clair County, Illinois**.

8. While employed in **East St. Louis, St. Clair County, Illinois**, Plaintiff was subjected to loud noise exposure, repetitive trauma in the cab of the locomotive, and was required to walk upon uneven surfaces, irregular ballast and foreign objects.

9. While employed in **East St. Louis, St. Clair County, Illinois**, Plaintiff was required to embark and disembark a moving locomotive and train.

10. That at all times relevant herein, the Defendant, CSX, maintains a yard, and repair and inspection facilities, located in East St. Louis, St. Clair County, Illinois.

## COUNT I
**(Federal Employers' Liability Act)**

COMES NOW the Plaintiff, DONALD R. HUFF, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count IV of his Complaint against the Defendant, CSX TRANSPORTATION INC., (hereinafter referred to as CSX), states as follows:

11. That on or about February 6, 2006, Plaintiff was operating a locomotive and train near Hamilton Township, Sullivan County, Indiana.

12. That at the above time and place, Defendant's train was approaching a public railroad crossing owned and maintained by Defendant CSX.

13. That at the above-stated time and place, the defendant John J. Vela, individually, and doing business as Jay's Trucking a/k/a Jay John Vela Trucking, was operating a tractor trailer across Defendant's railroad crossing, and stopped said vehicle upon the tracks of said crossing.

14. That at the said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

(a) Failed to maintain its crossing to allow motor vehicles to travel across Defendant's tracks.

(b) Failed to repair pot holes, drainage ditches and the pavement of its crossing.

15. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when the truck passing over said crossing stopped, or was caused

to stop resulting in a collision causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical car, treatment, and services; all to the Plaintiff's damage.

Wherefore, the Plaintiff, Donald Huff, prays judgment against the Defendant CSX in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
**Federal Employer's' Liability Act**
**(Negligence)**

COMES NOW the Plaintiff, DONALD R. HUFF, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count II of his Complaint against the Defendants, John J. Vela, Individually, and doing business as Jay's Trucking, a/k/a John J. Vela Trucking, states as follows:

4

16. That the Court has supplemental jurisdiction over the Defendants, John J. Vela, Individually, and doing business as Jay's Trucking, a/k/a John J. Vela Trucking, pursuant to 28 U.S.C. Section 1367.

17. That at all times relevant herein, John J. Vela owned and operated a trucking company doing business as Jay's Trucking, a/k/a John J. Vela Trucking;

18. That on or about February 6, 2006, the Defendant was operating a tractor trailer truck in Hamilton Township, Sullivan County, Indiana over a crossing owned, operated and maintained by the CSX Railroad.

19. That at the above-mentioned time and place, the Plaintiff was operating a locomotive of Defendant CSX, and headed toward the above-mentioned crossing;

20. That at the said time and place, the Defendant, John J. Vela, Individually and doing business as Jay Trucking, a/k/a John J. Vela Trucking, both individually and as agent, servant, and employee of Jay's Trucking, a/k/a John J. Vela Trucking, committed one or more of the following acts or omissions to wit:

    (a) stopped his truck in the middle of the railroad crossing;

    (b) failed to yield to an on-coming locomotive train.

21. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, John J. Vela, individually, and d/b/a Jay's Trucking, a/ka/ John J. Vela Trucking, an accident was caused to occur when the CSX locomotive struck the tractor trailer operated by John J. Vela causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his knees, and shoulders; an aggravation of a pre-existing condition to

his spine, shoulder, and knees; post traumatic stress disorder; an aggravation of a pre-existing post traumatic stress disorder; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical car, treatment, and services; all to the Plaintiff's damage.

      Wherefore, the Plaintiff, Donald Huff, prays judgment against the Defendant John J. Vela, Individually, and d/b/a Jay's Trucking, a/k/a John J. Vela Trucking, both individually and as owner of said trucking company in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**

Respectfully submitted,

KUJAWSKI & NOWAK, P.C.


**By: s/ John P. Kujawski**
JOHN P. KUJAWSKI, #3128922
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:   (618) 622-3600
Facsimile:    (618) 622-3700
ATTORNEYS FOR PLAINTIFF